IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CV-295-D

| | | |
|---|---|---|
| DONALD STOKES and,<br>MARJORIE STOKES, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER** |
| RAIN AND HAIL, LLC, | ) ) | |
| Defendant. | ) | |

On December 4, 2012, Rain and Hail, LLC, ("defendant") filed a motion to dismiss

plaintiffs' pro se complaint pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil

Procedure [D.E. 9]. On January 11, 2013, plaintiffs responded in opposition [D.E. 15]. Defendant

then moved to strike the exhibits attached to plaintiffs' opposition and argued that the court cannot

consider such exhibits under Rule 12(b)(6) [D.E. 18]. Plaintiffs oppose the motion to strike [D.E.

20].

Subject-matter jurisdiction concerns "the courts' statutory or constitutional power to

adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998); Holloway v.

Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012). Congress sets the bounds

of the lower federal courts' subject-matter jurisdiction. See Kontrick v. Ryan, 540 U.S. 443, 453

(2004); Steel Co., 523 U.S. at 101.

Plaintiffs must establish subject-matter jurisdiction. See Piney Run Pres. Ass'n v. Cnty.

Comm'rs of Carroll Cnty., 523 F.3d 453, 459 (4th Cir. 2008); Richmond, Fredericksburg & Potomac

R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); Adams v. Bain, 697 F.2d 1213, 1219 (4th

Cir. 1982). When subject-matter jurisdiction is challenged, a court may consider evidence beyond

the allegations in the complaint to resolve the jurisdictional issue. See Richmond, 945 F.2d at 768; Bain, 697 F.2d at 1219. If the court determines that it lacks subject-matter jurisdiction, it must dismiss the complaint. See, e.g., Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).

Plaintiffs' pro se complaint alleges that defendant gave "misinformation to Risk Management Agency (RMA) concerning good farming practices." [D.E. 5] 2. As for subject-matter jurisdiction, the complaint states: "The Plaintiff(s) reside and farm in this district." Id.

The court has reviewed the complaint and the exhibits attached to plaintiffs' opposition to the motion to dismiss. See Richmond, 945 F.2d at 768; Bain, 697 F.2d at 1219. Plaintiffs have failed to establish federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Accordingly, defendant's motion to dismiss under Rule 12(b)(1) is granted.

In sum, defendant's motion to dismiss under rule 12(b)(1) [D.E. 9] is GRANTED. Defendant's motion to strike [D.E. 18] is DENIED. Plaintiffs may seek to pursue their claims against Rain and Hail, LLC in state court.

SO ORDERED. This _3_ day of April 2013.

JAMES C. DEVER III
Chief United States District Judge

2